**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER JOSEPH EADS,

    Defendant - Appellant.

No. 20-8026
(D.C. Nos. 1:19-CV-00047-SWS &
1:17-CR-00172-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Christopher Joseph Eads, an inmate appearing pro se, seeks a

Certificate of Appealability (COA) from the district court's dismissal of his motion under

28 U.S.C. § 2255. I R. 37. To obtain a COA he must make "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has

rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim has

been denied on procedural grounds, the movant must additionally demonstrate "that

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Mr. Eads has failed to make either showing and therefore we deny his request for a COA.

In 2017, Mr. Eads pled guilty to: (1) conspiracy to distribute heroin and methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and (b)(1)(C) (Count One); (2) use and carry of a firearm during and in relation to drug trafficking activity, 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); (3) use, carry, and discharge of a firearm during and in relation to a federal drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A)(iii) and (c)(2) (Count Four); (4) two counts of carjacking, 18 U.S.C. § 2119 (Counts Five and Six); and (5) assault on a federal officer by means of a deadly weapon, 18 U.S.C. §§ 111(a)(1) and (b) (Count Seven). He was sentenced to 480 months' imprisonment and four years' supervised release. He did not appeal his sentence.

In March 2019, Mr. Eads sought postconviction relief, filing a § 2255 motion asserting: (1) ineffective assistance of counsel because counsel permitted him to plead guilty to two 18 U.S.C. § 924(c) counts; (2) double jeopardy because he was charged twice under § 924(c) for the same drug trafficking offense; and (3) a First Step Act violation. The district court denied the motion determining that: (1) Mr. Eads failed to establish deficient performance of counsel, and that, even if he had, he had not established prejudice, i.e. but-for counsel's claimed deficient performance, he would have been unlikely to accept the government's plea agreement; (2) the double jeopardy claim was without merit, but procedurally barred; and (3) the First Step Act did not apply to Mr. Eads and was not a basis for relief.

2

On appeal, Mr. Eads argues that conspiracy to distribute a controlled substance (Count 1) is not a drug trafficking offense and cannot be a predicate offense for a § 924(c) (Count 2); and that counsel was ineffective for not raising this. The first proposition is plainly incorrect, see 21 U.S.C. § 846; United States v. Jenkins, 313 F.3d 549, 557–58 (10th Cir. 2002). We have reviewed Mr. Eads's claims and do not find them reasonably debatable for substantially the same reasons as the district court.

We DENY a COA, DENY the motion to proceed IFP, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

3